UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON J. STEWARD,<br>　　　　　Plaintiff,<br>　　v.<br>STEVENSON, et al.,<br>　　　　　Defendants. | Case No. 20-cv-09310-EMC<br><br>**ORDER OF SERVICE** |

## I.     INTRODUCTION

Jason J. Steward, an inmate at Kern Valley State Prison who was previously incarcerated at Salinas Valley State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The Court dismissed the complaint with leave to amend to cure several pleading deficiencies.

Mr. Steward filed an amended complaint ("FAC"), which the Court reviewed pursuant to 28 U.S.C. § 1915A. *See* Docket Nos. 16, 18. The Court found that Mr. Steward had stated a single cognizable claim, for deliberate indifference to a serious medical need, against eleven defendants. *See* Docket No. 18 at 4. The Court dismissed the FAC with leave to amend to salvage Mr. Steward's other attempted claims, and informed Mr. Steward that if he failed to amend then "the action will go forward with just the medical-care claims identified as cognizable in this order." *Id*. at 7.

Rather than filing a second amended complaint, Mr. Steward filed a "reply" in which he "ask[ed] the Court to go forward with just the medical-care claims identified as cognizable in [the] previous order." Docket No. 19 ("Reply").

Accordingly, the Court finds that Mr. Steward has stated a cognizable claim for deliberate

indifference to a serious medical need, in violation of the Eighth Amendment, against Defendants Stevenson, Soto, Barroso, Mariscal, Benitez, Futch, Sandoval, Grady, Mendez, and Lopez, who allegedly failed to summon emergency medical care for Mr. Steward, and against Defendant Bagaala, who allegedly failed to treat Mr. Steward and to summon emergency medical care for him.

All other claims and defendants are dismissed from this action. The Clerk shall update the docket.

## II.  CONCLUSION

For the foregoing reasons and for good cause shown,

1. The following defendants, all of whom appear to work at Salinas Valley State Prison, shall be served: Officers Stevenson, Soto, Barroso, Mariscal, Benitez, Futch, Sandoval, Grady, Mendez, and Lopez, and Nurse Bagaala.

2. All other defendants are dismissed. The Clerk shall update the docket.

3. Service on the listed defendants shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the First Amended Complaint and Reply (Docket Nos. 16 and 19); this order of service; a CDCR Report of E-Service Waiver form; and a summons. The Clerk also shall serve a copy of this order on Plaintiff.

4. No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

5. Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a

USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the First Amended Complaint and Reply for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

6. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a. No later than **December 24, 2021**, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. If Defendants file a motion for summary judgment, Defendants must provide to Plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than **February 4, 2022**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

c. Defendants **shall** file a reply brief no later than **February 23, 2022**.

6. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do

3

> not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If Defendants file a motion for summary judgment for failure to exhaust administrative remedies, it is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, Plaintiff's case will be dismissed and there will be no trial.

7. All communications by Plaintiff with the Court must be served on defense counsel by mailing a true copy of the document to defense counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defense counsel has been designated, Plaintiff may mail a true copy of the document directly to each individual defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to the party.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. **No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.**

9. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED**.

Dated: September 29, 2021

_____
EDWARD M. CHEN
United States District Judge