UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON J. STEWARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STEVENSON, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-09310-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, AND GRANTING PLAINTIFF AN EXTENSION**<br><br>Docket No. 33 |

In the instant action, the Court ordered Defendants to respond to a single claim in Plaintiff's First Amended Complaint. Docket No. 20. After several extensions of time, Defendants moved for summary judgment. Docket No. 39. Plaintiff sought, and was granted, an extension of time to oppose Defendants' motion. Docket Nos. 40, 41. However, Plaintiff's deadline has passed, and no opposition has been filed. *See generally*, Docket.

In case Plaintiff is waiting for a ruling on his pending motion to be appointed counsel before filing his opposition, the Court clarifies that Plaintiff's motion to be appointed counsel is **DENIED**. Docket No. 33. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances are not present because the issues in this action are not complex. Nor does Plaintiff seem particularly likely to succeed on the merits; indeed, it appears that Plaintiff

failed to exhaust his claims as to eight of the eleven Defendants, and his claims against the remaining Defendants appear to depend on whether they ensured Plaintiff received medical care as urgently as Plaintiff preferred. *See generally*, FAC. Additionally, the filings that Plaintiff has submitted show that he is able adequately to articulate his claims *pro se*. Plaintiff's request for appointment of counsel to represent him in this action therefore is denied.

The Court sua sponte grants Plaintiff an extension of time to file his opposition to Defendants' motion for summary judgment. Plaintiff must file and serve his opposition to the motion to dismiss no later than **March 24, 2023.** Defendants must file and serve their reply, if any, no later than **April 7, 2023.**

This order disposes of Docket No. 33.

**IT IS SO ORDERED**.

Dated: February 28, 2023

_____
EDWARD M. CHEN
United States District Judge

2