UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON J. STEWARD,<br><br>    Plaintiff,<br><br>    v.<br><br>STEVENSON, et al.,<br><br>    Defendants. | Case No. 20-cv-09310-EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Docket Nos. 39, 44 |

In this *pro se* prisoner's civil rights action, Plaintiff Jason Steward complains about prison employees' actions following a physical altercation between himself and another inmate. *See generally*, Docket No. 16 ("First Amended Complaint" or "FAC"). The Court found that Mr. Steward had stated a single cognizable claim against eleven defendants, for deliberate indifference to a serious medical need, and ordered Defendants to respond. *See* Docket Nos. 18, 20.

Defendants' dispositive motion is now before the Court. Docket No. 39 ("Summary Judgment Motion" or "MSJ"). For the reasons below, the Court **GRANTS** the Summary Judgment Motion.[1]

## I. BACKGROUND

Mr. Steward's First Amended Complaint was not filed under penalty of perjury or with any statement attesting to the truth of its contents. *See generally*, FAC. Because Mr. Steward failed to oppose the Summary Judgment Motion, the only evidence properly before the Court is that submitted by Defendants. *See Lew v. Kona Hosp.*, 754 F.2d 1420, 1423 (9th Cir. 1985) ("The first

---

[1] The Court also grants Defendants' administrative motion to substitute counsel. Docket No. 44.

1    amended complaint was unverified and is thus insufficient to counter a summary judgment motion

2    supported by affidavits."). The facts below thus are drawn from the Summary Judgment Motion

3    and the declarations and exhibits filed in support of that motion, and are undisputed.

4    A.   <u>Inmate Fight and Subsequent Medical Care</u>

5         At all relevant times, Mr. Steward was incarcerated at Salinas Valley State Prison

6    ("SVSP"), and Defendants were employed by CDCR at that institution. *See* MSJ at 4.

7         On January 8, 2020, there was a mass search at Building 5 on B Yard at SVSP. *See id*. At

8    10:05 a.m., while exiting the building, Mr. Steward got into a fight with another inmate. *See id*.

9    Multiple officers, including ten of the eleven Defendants, responded to this incident. *See id*. at 4-

10   5. The inmates were ordered to stop fighting and to assume a prone position on the ground, and

11   "MK-9 Streamers" were used to stop the fight.[2] *See id*. at 5. Once both inmates stopped fighting

12   and had assumed prone positions on the ground, they were secured in handcuffs and then led to

13   temporary holding cells in the B Yard gymnasium. *See id*. Eight responding officers have filed

14   declarations attesting that Mr. Steward did not complain of any pain in the immediate aftermath of

15   the fight or while being escorted to the gymnasium. *See id*. (citing declarations).

16        Mr. Steward was escorted to his temporary holding cell by Defendant Officers Futch and

17   Benitez. *See id*. Both Defendant Futch and Defendant Benitez attest that Mr. Steward was able to

18   walk unassisted and did not complain of any pain. *See id*. (citing Docket Nos. 39-10 ("Futch

19   Declaration") and 39-18 ("Benitez Declaration")).

20        At 10:16 a.m., Defendant Baagala arrived at the temporary holding cell. *See id*. Defendant

21   Baagala is a licensed vocational nurse, and she performed a medical examination of Mr. Steward.

22   *See id*. Defendant Baagala recorded Mr. Steward's statement that "I don't feel good," recorded

23   that he had been exposed to pepper spray on his head, and recorded that the skin on his back was

24   red. *See* Docket No. 39-8 ("Baagala Declaration"), Ex. A. In addition to her initial examination

25   of Mr. Steward at 10:16 a.m., Defendant Baagala performed follow-up examinations at 10:25 a.m.,

26   10:40 a.m., and 10:55 a.m., before Mr. Steward was returned to custody at 11:10 a.m. *See id*.

27

28   [2] An "MK-9 Streamer" appears to be pepper spray. *See* Docket No. 39-15 ("Stevenson Declaration"), Ex. A.

1    Defendant Baagala notified her supervisor, non-defendant Registered Nurse Thornton, of the

2    incident, and instructed Mr. Steward to file a form seeking additional medical care if he

3    experienced any change. *See* Baagala Decl., ¶ 6 & Ex B.  Mr. Steward did not inform Defendant

4    Baagala of pain in his ribs or back. *See* Baagala Decl. ¶ 12.

5         As a licensed vocational nurse, Defendant Baagala is prohibited from providing a

6    diagnosis, prescribing medication, or performing x-rays or CT scans. *See id*. ¶ 4.  She must

7    practice under the supervision of a registered nurse. *See id*.  When a fight between inmates occurs,

8    Defendant Baagala may only provide an initial evaluation, document her observations, and submit

9    her report to her supervisor. *See id*.

10        Mr. Steward remained in the temporary holding cell until 2:15 p.m. *See* Stevenson Decl. ¶

11   10.  He was checked on every 15 minutes and did not complain of pain to the officers checking on

12   him. *See id*.  Later that day, Defendant Barroso interviewed Mr. Steward and the other inmate

13   about the fight, to determine whether they could continue to be housed in the same building. *See*

14   Docket No. 39-9 ("Barroso Declaration") ¶ 5 & Ex. A.  Mr. Steward did not complain to

15   Defendant Barroso of any pain, and Defendant Barroso did not observe any injuries. *See id*. ¶¶ 5-

16   6.

17        Because he had possessed an inmate-manufactured weapon, Mr. Steward was placed in

18   administrative segregation. *See* MSJ at 6.  Before being sent to segregation, Mr. Steward was

19   interviewed by non-defendant Nurse Andres. *See* Docket No. 39-4 ("Zohar Declaration"), Ex. A

20   (excerpting Mr. Steward's medical records).  He did not complain to Nurse Andres of pain. *See*

21   *id*.  That same day, Mr. Steward also spoke to non-defendant Nurse Garcia. *See id*. (appearing to

22   interview Mr. Steward upon arrival in segregation).  He did not complain to Nurse Garcia of pain.

23   *See id.*

24        On January 9, 2020, the day after the fight, Mr. Steward filed a medical slip stating that he

25   thought he might have injured his ribs, back and ring finger during the January 8, 2020 incident.

26   *See id*.  This medical slip was reviewed by a registered nurse. *See id.* (stating review was

27   competed by "RN"; signature illegible).

28

B.     Mr. Steward's Administrative Grievances

Mr. Steward filed grievances against the custodial defendants, and healthcare grievances against Defendant Baagala. Because Defendants agree that Mr. Steward's claim was exhausted against Defendant Baagala, the Court only will detail the two relevant grievances filed against the custodial defendants.[3]

1.      California's Framework for Non-Healthcare Administrative Appeals

During the relevant time period, the California Department of Corrections and Rehabilitation ("CDCR") provided inmates with the following administrative remedies for non-healthcare issues, also referred to as the administrative grievance process.[4]  CDCR provided its inmates the right to appeal administratively "any policy, decision, action, condition or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety or welfare." 15 Cal. Code Regs. § 3084.1(a).

"Administrative exhaustion within California requires the completion of the third level of administrative review." *Jackson v. Fong*, 870 F.3d 928, 933 (9th Cir. 2017).  Inmates must name any "issue, information, or person . . . in the originally submitted CDCR Form 602." Cal. Code Regs. tit. 15, § 3084.1. California regulations also require the appeal to name "all staff member(s) involved" and "describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(a)(3).

2.      First Grievance

Mr. Steward's first relevant grievance was received by CDCR on January 21, 2020. *See* Docket No. 39-16 ("Ramos Declaration"), Ex. C (grievance not dated by Mr. Steward). This grievance alleged that prison officials covered up a conspiracy to attack Mr. Steward, formed

---

[3] The Court has reviewed all the grievances included in the record. For the sake of efficiency, the Court will not discuss obviously irrelevant grievances, such as those related to housing requests. *See* Docket No. 39-7 ("Mosely Declaration"), Exs. D & E.

[4] The regulations that set out the features of the administrative grievance process for custody grievances for California prisoners underwent a substantial restructuring in 2020. On March 25, 2020, and effective June 1, 2020, 15 Cal. Code Regs. §§ 3084-3084.9 were repealed and replaced with renumbered and amended provisions at sections 3480 through 3487. Because the alleged incidents took place prior to June 1, 2020, the current administrative grievance process does not apply to Mr. Steward's claims. All the citations in this order to the California regulations are to the regulations in place during the relevant period, rather than to the current regulations.

4

between inmates of another race. *See id*. The grievance included an allegation that medical staff should not have allowed Mr. Steward "to walk to the gym" following the incident. *See id*. The grievance did not allege that any custodial staff member was indifferent to Mr. Steward's medical needs. *See id*.

This grievance bypassed the first level of review and was assigned to a staff member for second-level review. *See id*. Although Defendants' grievance tracking system shows that a second-level review occurred, *see* Ramos Decl., Ex. B, Defendants did not provide this document, *see generally*, Ramos Decl. *See also* Docket No. 39-7 ("Mosely Declaration") (attaching grievances but failing to include these documents). Mr. Steward stated elsewhere in the record that he later withdrew this grievance. *See id*., Ex. C ("I had a previous 602 Log # SVSP-L-20-00296 which was withdrawn.").

### 3. Second Grievance

Mr. Steward's second grievance was submitted on February 7, 2020 ("February 7 Grievance"). *See* Mosely Decl., Ex. C. In that grievance, Mr. Steward argued that Defendant Lopez subjected him to excessive force while breaking up the fight. *See id*. Mr. Steward argued that all present officers should have realized he was injured by Defendant Lopez's use of force, and "should have notified a supervisor so that he/ she could have ensured that all necessary health and medical measures were initiated." *Id*. The grievance stated that Defendants Soto and Stevenson were responding supervisors but did not name any other officer. *See id*.

The February 7 Grievance appears to have bypassed the first level of review. *See id*. The second-level reviewer summarized the grievance as raising an excessive force claim against Defendant Lopez, but did not address Mr. Steward's argument that unnamed officers had failed to notify supervisors or seek medical care. *See id*. The February 7 Grievance was denied at the second level, with a determination that no staff member had violated CDCR policy. *See id*.

Mr. Steward appealed to the third level of review. He argued again that he had been subjected to excessive force, and that the officers present had failed to notify supervisors of that force, or to summon medical assistance. *See id*. The third-level reviewer summarized the grievance as raising an excessive force claim against Defendant Lopez, but did not address Mr.

Steward's argument that unnamed officers had failed to notify supervisors or seek medical care. *See id*. The February 7 Grievance was denied at the third level of review without substantive comment. *See id*.

C.     Procedural Background

Mr. Steward filed the instant civil rights action on December 10, 2020. *See* Docket No. 1; *see also Houston v. Lack*, 487 U.S. 266, 270-71 (1988). The Court screened the complaint pursuant to 28 U.S.C. § 1915A and dismissed it with leave to amend. *See* Docket No. 13.

Mr. Steward filed a First Amended Complaint. *See* Docket No. 16 ("FAC"). The Court screened the FAC pursuant to 28 U.S.C. § 1915A and found that Mr. Steward had stated cognizable claim for deliberate indifference to serious medical needs. *See* Docket No. 18. The Court dismissed all other claims with leave to amend. *See id*.

Rather than file a second amended complaint, Mr. Steward elected "to go forward with just the medical-care claims" which the Court had found cognizable. Docket No. 19. The Court ordered Defendants to respond to Mr. Steward's claims for deliberate indifference to serious medical needs. *See* Docket No. 20. After several extensions of time, Defendants filed the summary judgment motion discussed herein. *See* Docket No. 39 ("Summary Judgment Motion" or "MSJ").

Mr. Steward sought, and was granted, an extension of time to oppose Defendants' motion. Docket Nos. 40, 41. Rather than filing an opposition, Mr. Steward moved to be appointed counsel. Docket No. 33. The Court denied Mr. Steward's counsel request, and *sua sponte* granted Mr. Steward a second extension of time to file his opposition. Docket No. 43. Mr. Steward did not file an opposition. *See generally*, Docket.

## II.     VENUE AND JURISDICTION

Venue is proper in the Northern District of California because the events or omissions giving rise to the complaint occurred at a prison in Monterey County, which is located within the Northern District. *See* 28 U.S.C. §§ 84, 1391(b). The Court has federal question jurisdiction over this action brought under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1331.

### III.     **LEGAL STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and [that] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is material if it might affect the outcome of the lawsuit under governing law, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

In a typical summary judgment motion, a defendant moves for judgment against a plaintiff on the merits of his claim. In such a situation, the moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact. The burden then shifts to the nonmoving party to "go beyond the pleadings, and by his own affidavits, or by the 'depositions, answers to interrogatories, or admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324.

When a defendant moves for summary judgment on an affirmative defense on which he bears the burden of proof at trial, he must come forward with evidence which would entitle him to a directed verdict if the evidence went uncontroverted at trial. *See Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992). The failure to exhaust administrative remedies is an affirmative defense that must be raised in a motion for summary judgment. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). On a motion for summary judgment for nonexhaustion, the defendant has the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Id.* at 1172. If the defendant carries that burden, the "burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The ultimate burden of proof remains with the

1    defendant, however. *Id.* If material facts are disputed, summary judgment should be denied, and
2    the "district judge rather than a jury should determine the facts" on the exhaustion question, *id.* at
3    1166, "in the same manner a judge rather than a jury decides disputed factual questions relevant to
4    jurisdiction and venue," *id.* at 1170-71.

The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. *See T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be viewed in the light most favorable to the nonmoving party, and inferences to be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *See id*. at 631.

## IV.     DISCUSSION

A.     Exhaustion as to Mariscal, Benitez, Futch, Grady, Mendez, Sandoval, Barroso, and Lopez

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016) (mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Porter,* 534 U.S. at 524; *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Defendants argue that Mr. Steward failed to properly exhaust his deliberate indifference claim against Defendants Mariscal, Benitez, Futch, Grady, Mendez, Sandoval, Barroso, and Lopez.  [5]The Court has reviewed Mr. Steward's grievances and agrees.

As noted above, the grievances do not mention Defendants Mariscal, Benitez, Futch, Grady, Mendez, Sandoval, or Barroso at all in conjunction with the January 8, 2020 incident. *See* Ramos Decl., Exs. C-E. Mr. Steward therefore failed to exhaust as to these Defendants. *See* Cal.

---

[5] Defendants concede that "Steward has fully exhausted his appeals concerning his deliberate indifference claims against LVN Baagala, Sergeant Soto and Lieutenant Stevenson." MSJ at 13. The merits of Mr. Steward's claim as to these defendants will be discussed infra.

Code Regs. tit. 15, § 3084.2(a)(3) (requiring inmates to name "all staff member(s) involved" and "describe their involvement in the issue").

Although Mr. Steward's February 7 Grievance accuses Defendant Lopez of using excessive force when breaking up the fight,[6] it does not accuse Defendant Lopez of being deliberately indifferent to Mr. Steward's medical needs. *See id.*, Ex. D. The February 7 Grievance does not assert that Defendant Lopez was responsible for summoning medical assistance, nor does it assert that medical staff was not summoned – nor can it, as the record reveals that medical staff was summoned and attended to Mr. Steward a mere eleven minutes after the fight. *See id*. Because the February 7 Grievance does not connect Defendant Lopez to Mr. Steward's need for medical care, it fails to exhaust Mr. Steward's deliberate indifference claim as to this defendant. *See* Cal. Code Regs. tit. 15, § 3084.1 (every "issue, information, or person" must be identified "in the originally submitted CDCR Form 602").

Because Mr. Steward failed to exhaust his deliberate indifference claim as to Defendants Mariscal, Benitez, Futch, Grady, Mendez, Sandoval, Barroso, and Lopez, these defendants are entitled to summary judgment.[7]

B.  Merits as to Baagala, Soto, and Stevenson

Defendants argue that Mr. Steward's deliberate indifference claim fails on the merits as to Defendants Baagala, Soto, and Stevenson, because these defendants were not deliberately indifferent to Mr. Steward's serious medical needs. The Court agrees.

An Eighth Amendment claim about deficient medical care has objective and subjective prongs parallel to those for a claim for deliberate indifference to safety. To satisfy the objective prong, there must be a deprivation of a "serious" medical need. A serious medical need exists if the failure to treat an inmate's condition "could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)

---

[6] As previously noted, Mr. Steward elected not to pursue an excessive force claim.

[7] The Court notes that, even if Mr. Steward had exhausted his medical needs claim as to these Defendants, it would fail on the merits for the same reasons it fails as to Defendants Soto and Stevenson.

(internal quotation marks omitted). For the subjective prong, there must be deliberate indifference. A defendant is deliberately indifferent "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

As to Defendants Soto and Stevenson, the record contains undisputed evidence that they did not "fail[] to take reasonable measures to abate" serious harm to Mr. Steward, because they summoned medical assistance for him. Where an inmate already is being treated by medical staff, the Ninth Circuit has held that custodial staff is entitled to "reasonably rely[] on the actions of the medical responders . . . ." *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1084 (9th Cir. 2013) (holding custodial staff did not exhibit deliberate indifference in failing to perform CPR on inmate, where inmate was being treated by medical staff). Here, Defendants Soto and Steward were entitled to rely on the expertise of the medical staff that they had summoned to assess and, if necessary, treat Mr. Steward.

As to Defendant Baagala, there is no evidence that she "fail[ed] to take reasonable measures to abate" serious harm to Mr. Steward, because there is no evidence in the record that Mr. Steward informed her of pain in his ribs and back. Rather, the evidence in the record shows that Mr. Steward did not inform Defendant Baagala of pain, *see* Baagala Decl. ¶ 12; did not inform two other nurses that he had pain. *See* Zohar Decl., Ex. A (showing Mr. Steward was seen by non-defendants Nurse Andres and Nurse Garcia, but not mentioning pain). Nor did he inform any of ten custodial defendants that he had pain, *see* Docket Nos. 39-9-15, 39-17-19. Defendant Baagala recorded the injuries she was able to observe, including redness over Mr. Steward's back and that he did not "feel good," and reported them to a supervisor who could take further action. *See generally*, Baagala Decl. & Exs. The evidence thus suggests, absent any contrary evidence, that Defendant Baagala did not know Mr. Steward had suffered a serious injury, and that she did not fail to take reasonable steps to abate harm to him.

The only contemporaneous evidence that Mr. Steward complained of pain dates from the day *after* Defendant Baagala interacted with him. The day after his fight, Mr. Steward filed a medical slip stating that he had pain in his ribs, back, and finger. *See* Zohar Decl., Ex. A.

1  However, he did not say that this pain existed when he was examined by Defendant Baagala. *See*
2  *id*. This medical slip was reviewed by a medical staff member other than Defendant Baagala, and
3  there is no evidence that Defendant Baagala ever was made aware of this medical slip. *Compare*
4  *id*. (showing the slip was reviewed by an "RN") *with* Baagala Decl. (showing Defendant Baagala
5  is an LVN). There is simply no evidence to indicate that Mr. Steward informed Defendant
6  Baagala of pain in his ribs and back, and thus no basis to conclude that she was deliberately
7  indifferent to his serious medical need.

Because Defendants produced evidence showing that Defendant Baagala was not deliberately indifferent, Mr. Steward bore the burden of "designat[ing] 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. As noted above, Mr. Steward has not submitted any evidence at all in this action.

Mr. Steward's deliberate indifference claim fails on the merits because he fails to show that any Defendant was aware of his pain and did not take reasonable steps to abate it. By contrast, Defendants have provided undisputed evidence that they were not aware of his pain. Defendants are entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

## V.   CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is **GRANTED.** Docket No. 39. Defendants are entitled to judgment in their favor. The Clerk shall close the file.

Defendants notified the Court of a substitution of defense counsel, which was incorrectly docketed as a motion. *See* Docket No. 44. The Clerk shall terminate this motion.

This order disposes of Docket Nos. 39 and 44.

**IT IS SO ORDERED**.

Dated: September 26, 2023

_____
EDWARD M. CHEN
United States District Judge

11